# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Jun 11, 2024
s/ E Borden
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe the object or property to be used for tracking)*<br>A 2003 Toyota Celica, bearing Wisconsin license plate ATZ-3282 ("Subject Vehicle 1"), and A black 2010 Chevrolet Camaro, bearing Wisconsin license plate ATZ-3283 ("Subject Vehicle 2") | Case No. 24 MJ 122 |

**APPLICATION FOR A TRACKING WARRANT**

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841 & 846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A gray 2003 Toyota Celica, bearing Wisconsin license plate ATZ-3282 and VIN: JTDDR32T730164589 ("Subject Vehicle 1"), and a black 2010 Chevrolet Camaro, bearing Wisconsin license plate ATZ-3283 and VIN: 2G1FA1EV5A9173191 ("Subject Vehicle 2"), located at 2042 Hickory Grove Avenue, Racine, Wisconsin and 1533 Phillips Avenue, Racine, Wisconsin.

☑ Delayed notice of __90__ days (give exact ending date if more than 30 days: __09/09/2024__) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

**MATTHEW KILBY**
Digitally signed by MATTHEW KILBY
Date: 2024.06.10 15:18:09 -05'00'

*Applicant's signature*

Matthew Kilby, DEA SA
*Applicant's printed name and title*

Sworn to before me ~~and signed in my presence.~~ by telephone

Date: 06/11/2024

*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Matthew Kilby, being first duly sworn, hereby depose and state as follows:

# INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to install and monitor an electronic tracking device to determine the location of a vehicle more particularly described as a gray 2003 Toyota Celica, bearing Wisconsin license plate ATZ-3282 and VIN: JTDDR32T730164589 (hereinafter referred to as **Subject Vehicle 1**) and a vehicle more particularly described as a black 2010 Chevrolet Camaro, bearing Wisconsin license plate ATZ-3283 and VIN: 2G1FA1EV5A9173191 (hereinafter referred to as **Subject Vehicle 2**). Based on the facts set forth in this affidavit, I believe that **Subject Vehicle 1** and **Subject Vehicle 2** are presently being used in furtherance of violations of distribution and possession with intent to distribute controlled substances, conspiracy to distribute, and possession with the intent to distribute controlled substances, violations of Title 21, United States Code, Sections 841 and 846, and that there is probable cause to believe that the installation of a tracking device on **Subject Vehicle 1** and **Subject Vehicle 2** and the continued use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes, as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA). I have been so employed since October of 2019 and am currently assigned to the DEA Milwaukee District Office. Between December of 2019 and October of 2022, I was assigned to the DEA El Paso Division Office in El Paso, Texas. Between October of 2022 and December of 2023, I was

1

assigned to the DEA Las Cruces District Office in Las Cruces, New Mexico. As part of my duties as a DEA Special Agent, I investigate criminal violations relating to drug trafficking and money laundering offenses, including criminal violations of Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956, and 1957, and Title 21, United States Code, Sections 841, 843, and 846. As a result, my investigative experience includes, but is not limited to, physical and electronic surveillance, debriefing of defendants, informants, witnesses, and others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1) and 846 (possession with intent to distribute a controlled substance and conspiracy to possess with intent to distribute a controlled substance) have been committed, are being committed, and will be committed by Antonio VELAZQUEZ Serrato, Antonio SERRATO, Ricardo SANCHEZ Castaneda, and others, identified and not yet identified. There is also probable cause to believe that the location of **Subject Vehicle 1** and **Subject Vehicle 2** will constitute evidence of those criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

5. I am currently participating in an investigation of a suspected large-scale cocaine drug trafficking organization herein referred to as the Serrato DTO. I am familiar with the facts

and circumstances regarding this investigation as a result of my personal participation in this investigation, and my review of: (a) reports prepared by, and information obtained from, other federal, state, and local law enforcement agents and officers, all of whom I believe to be truthful and reliable; (b) telephone communication data analysis; and (c) information obtained from law enforcement databases and license plate readers.[1]

6. Members of the DEA offices in Milwaukee, Wisconsin and Quad Cities, Illinois, with the assistance of the Muscatine Drug Task Force (MDTF) in Muscatine, Iowa, are investigating the suspected drug trafficking activities of Antonio VELAZQUEZ Serrato (DOB: 12/31/1993), Antonio SERRATO (DOB: 05/31/1994), Ricardo SANCHEZ Castaneda (DOB: 12/24/1987), and others, who are believed to be members of a Racine, Wisconsin-based cocaine DTO that is believed to receive cocaine from Chicago, Illinois.

A. **Background**

7. In December of 2023, case agents received information regarding telephone number 262-498-4452. At that time, 262-498-4452 was in contact with a suspected large-scale cocaine and methamphetamine trafficker who was believed to be based in Michoacán, Mexico. At that time, case agents observed that 262-498-4452 was linked to VELAZQUEZ Serrato at 2042 Hickory Grove Avenue, Racine, Wisconsin, 53403, via law enforcement databases. As a result, DEA Milwaukee initiated an investigation into VELAZQUEZ Serrato. During the course of the investigation into VELAZQUEZ Serrato, DEA Milwaukee personnel identified Antonio SERRATO as a suspected conspirator of VELAZQUEZ Serrato. According to law enforcement

---

[1] Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

databases, vehicle registration records, and Wisconsin Driver's License information, VELAZQUEZ Serrato lives at 2042 Hickory Grove Avenue, Racine, Wisconsin, 53403 and SERRATO lives at 1533 Phillips Avenue, Racine, Wisconsin, 53403. According to Google Maps, 2042 Hickory Grove Avenue and 1533 Phillips Avenue are located approximately 0.8 miles away from each other. Additionally, at their respective addresses listed above, VELAZQUEZ Serrato is the registered owner of **Subject Vehicle 1** and SERRATO is the registered owner of **Subject Vehicle 2**. Due to the fact that **Subject Vehicle 1's** license plate is ATZ-3282 and the license plate on **Subject Vehicle 2** is ATZ-3283, it is reasonable to infer that the two vehicles were registered in very close proximity to each other.

8. Throughout the course of the investigation into VELAZQUEZ Serrato and SERRATO, case agents began to analyze national license plate reader data (LPR) for **Subject Vehicle 1** and **Subject Vehicle 2**. As a result, case agents observed that, according to the LPR data, between June 23, 2023 and May 25, 2024, **Subject Vehicle 1** and **Subject Vehicle 2** have made approximately twenty same-day trips to southeastern Iowa, near the Iowa/Illinois border. During the previously-mentioned trips, the two vehicles generally pass a total of three LPRs located on the route. The first LPR that the vehicles generally pass is located on Interstate 80 Westbound, near Mile Marker 288, near Walcott, Iowa. The second LPR that the vehicles generally pass is located on Interstate 80 Eastbound, near Mile Marker 288, near Walcott, Iowa. Lastly, the third LPR that the vehicles generally pass is located on Interstate 90 Northbound, near Newburg Road, near Rockford, Illinois. When the vehicles pass these LPRs, the LPRs take a photo of the vehicle and its license plate. Additionally, the LPRs also document the dates, times, and location in which the vehicles passed each specific LPR. As a result, case agents analyzed the LPR data and discovered that, on average, when LPR data was captured on all three LPRs, the average time

4

between the first LPR reading travelling westbound near Walcott, Iowa and the third LPR reading, when the vehicles travelled northbound near Rockford, Illinois, was under four hours. According to Google Maps, the LPRs located near Walcott, Iowa and the LPR located near Rockford, Illinois are located approximately two hours away from each other when travelling on the fastest route possible. Furthermore, the LPR data shows that, generally, the time between when the vehicles pass the first LPR travelling westbound near Walcott, Iowa and the time that the vehicles pass the LPR travelling eastbound near Walcott, Iowa is, on average, under two hours. In addition, according to Google Maps, both of the above addresses on Hickory Grove Avenue and Phillips Avenue in Racine, Wisconsin, are located approximately three hours and thirty-five minutes from the LPRs located near Walcott, Iowa. In addition, while analyzing the LPR data, case agents observed that, on several trips, the vehicles passed the eastbound LPR near Walcott, Iowa prior to 9:30 a.m., and, in some cases, prior to 8:00 a.m. Given the previously mentioned travel time from Racine, Wisconsin to Walcott, Iowa, a vehicle would have had to leave the Racine area by approximately 4:25 a.m., travel the on the fastest route, and make no stops in order to arrive in the Walcott, Iowa area by 8:00 a.m. Lastly, case agents observed that twelve of the twenty recorded trips between June of 2023 and May of 2024 occurred on Saturdays or Sundays, with ten of those trips occurring on Saturdays. Based on training and experience, case agents are aware that the travel patterns mentioned above, which include high-mileage road trips with short turn-around times, and same day returns are consistent with drug transportation. Additionally, based upon training and experience, case agents are aware that drug traffickers or couriers driving to pick up or drop off controlled substances typically travel during the evening or early morning hours, and on weekends, in an attempt to identify and evade surveilling law enforcement personnel.

5

9. After further investigation into SERRATO, case agents became aware that SERRATO had previously been identified as a suspected cocaine trafficker in a DEA Quad Cities investigation that was initiated in 2014. During the course of that investigation, SERRATO and other conspirators were identified as cocaine transporters and distributors who would transport multi-kilogram quantities of cocaine from the Racine area to several cities in southeastern Iowa, near the Iowa/Illinois border. According to information received from DEA Quad Cities, SERRATO was observed on surveillance in the southeastern Iowa area during some of the above suspected cocaine deliveries. Additionally, during that investigation, a search warrant was conducted on 1533 Phillips Avenue. During the search warrant, law enforcement encountered SERRATO inside of the Phillips Avenue residence.

10. As a result of the subsequent investigation into SERRATO, case agents identified telephone number 262-752-3240. At that time, case agents issued an administrative subpoena to AT&T for data related to 262-752-3240. Upon analyzing the data provided by AT&T, case agents observed that SERRATO was the listed user of the number at 1533 Phillips Avenue. After further analysis of the data provided by AT&T, case agents observed that telephone number 319-430-6633 was a high-volume contact of 262-752-3240. The 319 area code is the primary area code for cities located in southeastern Iowa. As a result, case agents issued an administrative subpoena to US Cellular for data related to 319-430-6633. Upon analyzing the data provided by US Cellular, case agents observed that Ricardo SANCHEZ was listed as the primary customer on the telephone number at 710 East 3rd Street, West Liberty, Iowa 52776. According to Google Maps, 710 East 3rd Street is located approximately forty minutes from the LPRs located near Walcott. Additionally, according to DEA Quad Cities, West Liberty is one of the cities where SERRATO and his conspirators had previously been known to deliver cocaine. Furthermore, according to DEA Quad

6

Cities and prior to the initiation of the DEA Milwaukee investigation, members of the MDTF, which is responsible for the West Liberty area, had previously received information regarding SANCHEZ being a cocaine distributor in the West Liberty area. Subsequently, case agents compared the previously mentioned LPR data with the previously mentioned telephone records from US Cellular and AT&T. Upon doing so, case agents observed that, during a trip that occurred on March 9, 2024, during which time **Subject Vehicle 2** was observed passing all three previously mentioned LPRs, SERRATO's telephone number contacted SANCHEZ's telephone number approximately three times, within quick succession of each other, and for a duration of less than one minute per contact. Additionally, case agents observed that these contacts occurred after **Subject Vehicle 2** passed the westbound LPR, but prior to the time when the vehicle passed the eastbound LPR. Furthermore, during a trip that occurred on March 30, 2024, during which time **Subject Vehicle 1** was observed passing all three previously mentioned LPRs, SERRATO's telephone number contacted SANCHEZ's telephone number approximately three times, within quick succession of each other, and for a duration of less than one minute per contact. Additionally, case agents observed that these contacts occurred after **Subject Vehicle 1** passed the westbound LPR, but prior to the time when the vehicle passed the eastbound LPR.

11. On April 22, 2024, members of the MDTF conducted a trash pull on SANCHEZ's residence in West Liberty. As a result, MDTF personnel discovered two clear plastic bags with the bottoms torn off and one piece of stripping from a heat-sealed bag. Case agents are aware, based upon training and experience, that these items are indicative of street-level drug distribution.

12. On April 29, 2024, members of the MDTF conducted a second trash pull on SANCHEZ's residence in West Liberty. As a result, MDTF personnel discovered three clear plastic bags with the bottoms torn off and two clear plastic bags made out of the corners of other

plastic bags. Based upon their training and experience, case agents are aware that these items are indicative of street-level drug distribution.

13. On May 13, 2024, members of the MDTF conducted a third trash pull on SANCHEZ's residence in West Liberty. As a result, MDTF personnel discovered five clear plastic bags with the bottoms torn off, two clear plastic bags made out of the corners of other plastic bags, and one clear plastic, zip-lock style bag with the bottom torn off. On the same date, MDTF personnel field tested at least three of the plastic bags that were obtained during the trash pull. As a result, one of the bags field tested positive for cocaine.

14. According to the previously mentioned LPR data, on May 5, 2024, **Subject Vehicle 1** passed the eastbound and westbound LPRs in Walcott two times. During this trip, on both occasions, **Subject Vehicle 1** passed the eastbound LPR within two hours of passing the westbound LPR. On the second pass through both LPRs, **Subject Vehicle 1** passed the eastbound LPR within approximately twelve minutes of passing the westbound LPR.

15. As a result of the subsequent investigation into SANCHEZ, case agents identified telephone number 262-734-9288. At that time, case agents issued an administrative subpoena to Verizon Wireless for data related to 262-734-9288. Upon analyzing the data provided by Verizon Wireless, case agents observed that there was no identifiable subscriber on the account. After further analysis of the data provided by Verizon Wireless and the data provided for 262-752-3240 and 319-430-6633, case agents observed that telephone number 319-430-6633 was a high-volume contact of both 262-734-9288 and 262-752-3240. Additionally, case agents observed that 262-752-3240 and 262-734-9288 shared approximately eight common contacts between February and May of 2024. With that, it is reasonable to infer that SERRATO is the user of 262-734-9288. Additionally, based upon training and experience, case agents are aware that drug traffickers utilize

telephone numbers without identifiable subscriber names, in an attempt to avoid detection and identification by law enforcement.

16. As a result, case agents compared the previously mentioned LPR data with the previously mentioned telephone records from US Cellular, Verizon Wireless, and AT&T. Upon doing so, case agents observed that, during a trip that occurred on May 5, 2024, during which time **Subject Vehicle 1** was observed passing both previously mentioned LPRs near Walcott, on two occasions each, 262-734-9288 contacted SANCHEZ's telephone number approximately six times, for a duration of less than one minute per contact. Additionally, case agents observed that two of these contacts occurred after **Subject Vehicle 1** passed the westbound LPR, but prior to the time when the vehicle passed the eastbound LPR. Furthermore, during a trip that occurred on May 25, 2024, during which time **Subject Vehicle 1** was observed passing all three previously mentioned LPRs, 262-734-9288 contacted SANCHEZ's telephone number approximately two times, within quick succession of each other, and for a duration of less than one minute per contact. Additionally, case agents observed that these contacts occurred after **Subject Vehicle 1** passed the westbound LPR, but prior to the time when the vehicle passed the eastbound LPR.

17. On May 23, 2024, United States Magistrate Judge, the Honorable Stephen Dries, approved a tracking warrant for **Subject Vehicle 1** and **Subject Vehicle 2**. During the ten-day warrant execution time limit of the above warrant, case agents attempted to locate **Subject Vehicle 1** and **Subject Vehicle 2** on multiple dates, at different times of the day. During that time, case agents also attempted to locate the vehicles at multiple addresses within the Racine area. However, case agents were unsuccessful in locating both vehicles. As a result, the above warrant was returned unexecuted because the GPS tracking units were not installed within the allotted ten-day installation window.

## TECHNICAL BACKGROUND

18. According to Wisconsin vehicle registration records, **Subject Vehicle 1** is registered at 2042 Hickory Grove Avenue, Racine, Wisconsin, and **Subject Vehicle 2** is registered to 1533 Phillips Avenue, Racine, Wisconsin, residences located within the Eastern District of Wisconsin. Furthermore, on multiple occasions, case agents have observed VELAZQUEZ Serrato drive **Subject Vehicle 1** and park it on the street in front of 2042 Hickory Grove Avenue. Case agents have also observed SERRATO exit the residence located at 1533 Phillips Avenue and enter **Subject Vehicle 2**, which is usually parked in the driveway of 1533 Phillips Avenue. As recently as June 6, 2024, case agents have observed **Subject Vehicle 1** parked in the driveway of 2042 Hickory Grove Avenue. Additionally, within the last month, case agents have received license plate reader data which showed **Subject Vehicle 2** traveling through the Racine area.

19. In order to track the movement of **Subject Vehicle 1** and **Subject Vehicle 2** effectively and to decrease the chance of detection, law enforcement seeks authorization to place a tracking device on **Subject Vehicle 1** and **Subject Vehicle 2** while they are in the Eastern District of Wisconsin. Because **Subject Vehicle 1** and **Subject Vehicle 2** could be parked in a private driveway and on other private property, it may be necessary to enter onto private property, specifically 2042 Hickory Grove Avenue, Racine, Wisconsin and 1533 Phillips Avenue, Racine, Wisconsin, to affect the installation, repair, replacement, and removal of the tracking device.

20. To ensure the safety of the executing officers and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

21. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period not to exceed 45 days

following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## CONCLUSION

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes law enforcement, including but not limited to your affiant and technicians assisting in the above-described investigation, to install a tracking device on **Subject Vehicle 1** and **Subject Vehicle 2** within the Eastern District of Wisconsin within 10 days of the issuance of the proposed warrant; to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from **Subject Vehicle 1** and **Subject Vehicle 2** after the use of the tracking device has ended: to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter the outside property of 2042 Hickory Grove Avenue, Racine, Wisconsin and 1533 Phillips Avenue, Racine, Wisconsin, and/or move **Subject Vehicle 1** and **Subject Vehicle 2** to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Eastern District of Wisconsin.

23. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 90 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity

to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.